IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 2:16cr71 |
| | ) | |
| MARIBEL ORTIZ, | ) | |
| | ) | |
| Defendant. | ) | |

## **POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

The United States of America, through its attorneys, Dana J. Boente, United States Attorney, and Joseph E. DePadilla, Assistant United States Attorney, hereby submits its position with respect to the defendant's sentencing factors. In the Presentence Investigation Report (PSR) prepared in this matter, the United States Probation Office determined the applicable guidelines range to be a term of 0 to 6 months of imprisonment on the sole count of the pending Criminal Information. The Probation Office calculated a Total Offense Level of 4 and a Criminal History Category of I. In accordance with Section 6A1.2 of the Sentencing Guidelines Manual and this Court's policy regarding sentencing, the United States represents that it has reviewed the PSR and consulted with the Probation Office and defense counsel. The government does not dispute any of the sentencing factors set forth in the PSR or the guidelines range calculation, and it has no objections.

For the reasons outlined below, the United States respectfully submits that a sentence of home confinement in the middle of the guidelines range, followed by a three-year period of supervised release, is appropriate in this case and would be sufficient, but not greater than necessary, to accomplish the goals of 18 U.S.C. § 3553(a).

I.      **Background**

On May 5, 2016, a federal grand jury named the defendant in an indictment alleging six crimes, all related to narcotics trafficking by the defendant and her common-law husband and co-defendant Michael Mattos. The defendant was charged in four of the six counts: conspiracy to distribute and possess with intent to distribute controlled substances, including cocaine and crack cocaine, in violation of 21 U.S.C. § 846 (Count 1); possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts 3 and 5); and interstate transportation in aid of a racketeering enterprise, in violation of 18 U.S.C. § 1952(a)(3) (Count 6). Docket No. 26. On June 16, 2016, the defendant was named in a one-count Criminal Information charging her with making a materially false, fictitious and fraudulent statement to a federal law enforcement officer, in violation of 18 U.S.C. § 1001(a)(2). Docket No. 40; PSR ¶ 2. On June 22, 2016, the defendant pleaded guilty to the Criminal Information. Docket Nos. 44-50; PSR ¶ 3. The defendant is scheduled to appear before this Court for sentencing at 11:00 a.m. on Wednesday, October 19, 2016.

II.     **Position on Sentencing and Argument**

"[I]n imposing a sentence after *Booker*, the district court must engage in a multi-step process. First, the court must correctly determine, after making appropriate findings of fact, the applicable guideline range." *United States v. Moreland*, 437 F.3d 424, 432 (4th Cir. 2006). "Next, the court must 'determine whether a sentence within that range serves the factors set forth in § 3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors.'" *Id.* (quoting *United States v. Green*, 436 F.3d 449, 455 (4th Cir. 2006)). In making this determination,

> a sentencing court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant"

> and the need "to reflect the seriousness of the offense," provide "just punishment," "afford adequate deterrence," "protect the public," and "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

*United States v. Hampton*, 441 F.3d 284, 287 (4th Cir. 2006) (quoting 18 U.S.C. § 3553(a)).

    A)    <u>Nature and Circumstances of the Offense</u>

The nature and circumstances of the offense are serious. The defendant facilitated her husband's transportation of $107,000 worth of cocaine and crack cocaine into the Commonwealth of Virginia for an intended wholesale transaction. The defendant, at her husband's behest, rented a van in her name, which was later loaded with the illegal narcotics. The defendant drove that vehicle, with her minor daughter, all the way from New York to Virginia, where she was apprehended. The defendant then lied to police about the reason she was driving the van. She told officers the story she had previously rehearsed with her husband—that she was driving to Virginia Beach to pick up people at a funeral. The lies she told the officers in an attempt to evade detection and arrest led to the charge in the Criminal Information to which the defendant agreed to plead guilty.

    B)    <u>History and Characteristics of the Defendant</u>

The defendant is 40 years old. PSR ¶ 30. She was been romantically involved with her co-defendant for 25 years, and they have children together, including the young child whom the defendant took on the trip from New York to Virginia with the cocaine-loaded van. PSR ¶ 33. The defendant has no previous criminal convictions. Immediately prior to arrest, she was unemployed due to gall bladder surgery, but she had worked as a day care employee before that surgery. PSR ¶¶ 38-39.

C) <u>The Need to Deter this Defendant and Other Similarly Situated Offenders</u>

The most disturbing fact in the defendant's behavior was her decision to follow her co-defendant's instructions by renting a van for an interstate trip, knowing that the reason he gave for the trip (including the arranged cover story) was false, and then involving her minor child in the trip.

The wholesale value of the narcotics located in the defendant's rented vehicle was in excess of $100,000. Those drugs could have been resold on the street for several times that amount. The defendant was fortunate, all things considered, that her co-defendant chose to sell to someone working with law enforcement. Meeting a new buyer in a remote area of the Eastern Shore with over $100,000 worth of an illicit product is an unusually dangerous enterprise. The purchasers could just as easily have been individuals who decided to steal the drugs, which would have put the defendant and her four-year-old daughter in grave danger. The defendant bears some responsibility for these choices. She may not have procured the drugs or set up the sale, but she provided the camouflage for her co-defendant to transport drugs between several states. Deterring family members from helping drug dealers hide their activity from law enforcement is an important goal. Deterring family members who choose to involve their minor children in such schemes is even more important.

### III. **Conclusion**

Taking all the Section 3553(a) factors into account, the government respectfully submits that a sentence of home confinement at the middle of the guidelines range would be appropriate and not greater than necessary to reflect the seriousness of this case, promote respect for the law, and afford specific deterrence to the defendant. The government respectfully submits that such a sentence will properly take into account the aggravating factors discussed above, as well as the

defendant's decision to plead guilty quickly and save both this Court's and the government's resources.

                Respectfully submitted,

                Dana J. Boente
                United States Attorney

By:     /s/
                Joseph E. DePadilla
                Assistant United States Attorney
                United States Attorney's Office
                101 West Main Street, Suite 8000
                Norfolk, VA 23510
                Office Number: 757-441-6331
                Facsimile Number: 757-441-6689
                joe.depadilla@usdoj.gov

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 12th day of October, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record, including:

>David Cardon, Esq.
>1192 Lynnhaven Parkway
>Virginia Beach, VA 23452
>(757) 306-9060
>
>Jason A. Dunn
>Jason A. Dunn, PLC
>565 N. Birdneck Road
>Virginia Beach, VA 23451
>(757) 383-6848
>
>*Attorneys for Defendant Maribel Ortiz*

      I HEREBY CERTIFY that on this 12th day of October, 2016, I sent by electronic mail a true and correct copy of the foregoing to the following:

>Karen R. Franklin
>U.S. Probation Officer
>827 Diligence Drive
>Suite 210
>Newport News, VA 23606

>   /s/
>Joseph DePadilla
>Assistant United States Attorney
>Attorney for the United States
>United States Attorney's Office
>101 West Main Street, Suite 8000
>Norfolk, VA 23510
>Office Number: 757-441-6331
>Facsimile Number: 757-441-6689
>Joe.DePadilla@usdoj.gov